CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 01 2018
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS WILLIAM ROBINSON,** | ) | Case No. 7:91cr00036 |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

This matter is before the court on Petitioner Thomas William Robinson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 34. Robinson asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that he no longer qualifies as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2. He argues that he does not have the requisite predicate convictions necessary to support such designations following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), ("Johnson II")[1], as well as recent Fourth Circuit case law. After careful review of the record, and in light of Johnson II, the court will deny Robinson's § 2255 motion, and grant the government's motion to dismiss.

I.

On September 9, 1991, Robinson pleaded guilty to: four counts of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d); four counts of possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and three counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). A Presentence Investigation Report ("PSR") was created prior to sentencing. Although the PSR

---

[1] The court will refer to the Supreme Court's most recent Johnson decision as "Johnson II" in order to avoid confusion because in this opinion the court must also discuss a prior Supreme Court case, Johnson v. United States, 559 U.S. 133 (2010), which will be referred to as "Johnson I."

did not specify on which convictions it relied to support its recommendation of an enhanced ACCA and Guidelines sentence, the following convictions could have been used to support Robinson's status as an armed career criminal: a 1972 Virginia conviction for armed robbery; a 1972 Virginia conviction for two counts of burglary; a 1974 Virginia conviction for armed robbery; a 1974 Virginia conviction for possession of marijuana with intent to distribute; a 1975 Virginia conviction for escape from custody; a 1975 Virginia conviction for three counts of robbery; a 1975 Virginia conviction for armed robbery; a 1976 Virginia conviction for four counts of armed robbery; a 1976 North Carolina conviction for armed robbery; a 1976 Virginia conviction for robbery; and a 1982 Virginia conviction for two counts of feloniously injuring an employee of a penal institution. PSR ¶¶ 57, 58, 60 - 67, and 69, ECF No. 36. On December 9, 1991, I adopted the PSR and sentenced Robinson to a term of 400 months' imprisonment. Robinson did not appeal.

On September 8, 2015, in accordance with Standing Order 15-5, the court appointed the Federal Public Defender's Office to represent Robinson with regard to any claim for relief that he might have under § 2255 following the Johnson II decision. Defense counsel filed this § 2255 motion alleging that Johnson II invalidated Robinson's enhanced sentence because his Virginia predicate convictions for burglary, armed robbery, escape, and causing injury to a corrections officer no longer qualify as violent felonies. The government responded, arguing that the Johnson II decision does not afford Robinson relief because he continues to have the requisite number of predicate offenses to support his armed career criminal and career offender status.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that

"the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Robinson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III.

1. Armed Career Criminal Status

    **A. The ACCA Enhanced Sentence Structure**

    Robinson challenges the enhanced sentence he received because I determined him to be an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). When defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," however, they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

    In Johnson II, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

    > [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
    >
    > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    >
    > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson II, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." Johnson II, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question. . . the remainder of the [ACCA's] definition of a violent felony"). In addition, Johnson II did not affect the definition of "serious drug offenses," convictions for which continue to support an enhanced ACCA sentence. Therefore, the Johnson II decision only limited the types of prior convictions that can act as predicate "violent felonies" under the residual clause. The Supreme Court's decision in Johnson II announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

**B. Predicate Offenses and the ACCA**

Robinson asserts that he no longer has the requisite three predicate offenses necessary to support his status as an armed career criminal. While I agree that Robinson's prior convictions for Virginia burglary, robbery, and escape do not support his status as an armed career criminal, he continues to have at least three predicates that support his ACCA sentence.

1. <u>Convictions that No Longer Qualify as ACCA Predicates</u>

Robinson has one conviction for two counts of burglary. While some state burglary convictions continue to qualify as violent felonies under the enumerated crimes clause of the

4

ACCA, which lists burglary specifically, Virginia burglary does not so qualify. For a burglary conviction to qualify under the ACCA, it must have been a conviction for "generic burglary," or "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). However, the Fourth Circuit has recently concluded that the Virginia burglary statute criminalizes conduct that falls outside of the generic definition, and the statute is also not divisible into generic and non-generic burglary crimes. Castendet-Lewis v. Sessions, 855 F.3d 253, 261, 264 (4th Cir. 2017) (concluding that "it is clear that the Virginia burglary statute is indivisible" and that "the Virginia burglary statute is broader than the federal crime of generic burglary"). Therefore a Virginia burglary conviction can no longer support an ACCA enhanced sentence. See United States v. Hadsell, 692 Fed. App'x 161, 161 (4th Cir. 2017) (vacating and remanding a defendant's sentence because a prior Virginia burglary conviction had been used to support an enhanced ACCA sentence and noting that a "Virginia statutory burglary conviction does not qualify as the ACCA-enumerated offense of 'burglary'").

Another predicate offense that can no longer support Robinson's enhanced sentence is his Virginia conviction for common law robbery. In order for a robbery conviction to qualify as a violent felony for ACCA purposes, it must fall under the "force clause" and have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" as "violent force . . . capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140. The Fourth Circuit has concluded that Virginia convictions for common law robbery cannot support an enhanced sentence because such a conviction can result without the use of violent force.

5

Winston, 850 F.3d at 686. Accordingly, Robinson's Virginia robbery conviction also does not support his status as an armed career criminal.

Finally, Robinson's conviction for escape from custody cannot support his enhanced sentence. An escape can be effectuated without violent force, and after Johnson II, such a conviction can no longer qualify as a predicate under the residual clause. See, e.g., Johnson II, 135 S. Ct. at 2563 (overruling Sykes v. United States, 564 U.S. 1 (2011), which held that eluding police was a violent felony under the residual clause). Accordingly, those convictions no longer support Robinson's status as an armed career criminal.

2. Convictions that Qualify as ACCA Predicates

Nonetheless, Robinson's convictions for possession of marijuana with intent to distribute, armed robbery and feloniously injuring an employee of a penal institution continue to qualify as predicates under the ACCA sentencing guidelines. Accordingly, his sentence was proper.

*a. Virginia Drug Conviction*

Robinson does not contest that his prior Virginia drug conviction for possession of marijuana with intent to distribute qualifies as a predicate.[2] PSR ¶ 61, ECF No. 36. Because he does not challenge this conviction and it appears to satisfy the requirements of a "serious drug offense" for ACCA purposes, it continues to qualify as a predicate offense.

*b. Virginia Feloniously Injuring an Employee of a Penal Institution*

Robinson has a 1982 Virginia conviction for two counts of feloniously injuring an employee of a penal institution. PSR ¶ 69, ECF No. 36. Virginia Code § 18.2-55 criminalizes

---

[2] The underlying criminal documents do not appear to be available because of the age of the conviction. But Va. Code § 54-524.101:1 (1974) criminalized possession of a controlled substance with the intent to distribute and provided for a five to forty year sentence. Robinson was sentenced to five years' incarceration, with three years suspended. Accordingly, this conviction qualifies as a serious drug offense for ACCA purposes. 18 U.S.C. § 924(e)(2)(A)(ii) (noting that a serious drug offense is one punishable by 10 years or more in prison).

the knowing and willful infliction of bodily injury by a prisoner on an employee of a correctional facility.[3]

The Fourth Circuit has established that even after Johnson I and II, a conviction under § 18.2-55 can continue to serve as a predicate offense because it necessarily involves violent physical force. See United States v. Reid, 861 F.3d 523, 529 (4th Cir. 2017) ("At bottom, we hold that, because Virginia Code § 18.2-55 requires that the defendant knowingly and willfully inflict bodily injury' on the victim, a conviction under that statute falls within ACCA's definition of a violent felony and therefore serves as a predicate offense. . . .") (internal quotation marks omitted). Accordingly, Robinson's conviction for two counts of inflicting bodily injury on an employee of a correctional facility continues to support his enhanced sentence.

    c. *North Carolina Armed Robbery*

Robinson also has a 1976 North Carolina conviction for armed robbery. PSR ¶ 66, ECF No. 36. A conviction for armed robbery under North Carolina General Statute Section 14-87(a) requires, and required at the time of Robinson's conviction: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened and (4) the defendant had the intent to deprive the owner of his property at the time of the taking." United States v. Burns-Johnson, 864 F.3d 313, 317 (4th Cir. 2017) (internal quotation marks omitted). The Fourth Circuit has held that a conviction for North Carolina armed robbery "categorically qualifies as a violent felony under the force clause of the ACCA."

---

[3] The PSR does not identify the statutory citation for this conviction and the underlying criminal documents do not appear to be available because of the age of the conviction. Nonetheless, Robinson's conduct was a clear violation of Va. Code § 18.2-55, which was enacted in 1975, prior to Robinson's 1982 conviction, and which appears to be the only pertinent criminal statute.

Id. at 320. Therefore, Robinson's North Carolina armed robbery conviction also continues to support his enhanced sentence.

### d. *Virginia Use or Display of a Firearm During and In Relation to a Felony*

Finally Robinson has a 1976 conviction for four counts of armed robbery and four counts of use of a firearm in the commission of a felony, in violation of Virginia Code § 18.2-53.1. PSR ¶ 65, ECF No. 36. He also has three additional convictions for armed robbery.[4] While the Fourth Circuit has determined that Virginia common law robbery cannot qualify as a predicate offense following Johnson II, I conclude that a conviction for robbery coupled with a conviction under Virginia Code § 18.2-53.1 for use of a firearm, qualifies as a violent felony.

Section 18.2-53.1 provided, at the time of Robinson's arrest and conviction:

> It shall be unlawful for any person to use or attempt to use any . . . firearm or display such weapon in a threatening manner while committing a felony. Violation of this section shall constitute a separate and distinct felony . . . .

Va. Code § 18.2-53.1 (1975). Because use of a firearm in the commission of a felony is not a crime listed in the "enumerated crimes clause" of the ACCA, it can qualify as a violent felony only under the "force clause." I must begin by considering the offense generally under a "categorical approach." Winston, 850 F.3d at 683. Under this approach, I assess whether a crime qualifies as a violent felony by looking "only to the fact of conviction and the statutory definition of the prior offense" and not how a particular offender might have committed the crime on a particular occasion. Taylor v. United States, 495 U.S. 575, 602 (1990). In

---

[4] Robbery, in Virginia, is a common law crime. Brookman v. Commonwealth, 145 S.E. 358, 359 (Va. 1928). Because Robinson's robbery convictions were "armed" crimes, it is likely that he was convicted of common law robbery in addition to § 18.2-53.1, but it is possible that some other statute involving weapons may have been implicated. Nonetheless, because Robinson has at least three convictions for viable predicate offenses (Virginia marijuana possession with intent to distribute, Virginia injury of correctional officer by a prisoner, North Carolina armed robbery, and Virginia use of a firearm in relation to a felony-robbery), the court need not determine the viability of these other armed robbery convictions as predicate offenses.

applying the categorical approach to determine whether a prior conviction qualifies as a predicate offense under the force clause of the ACCA, I must determine whether the state crime necessarily involves the use, attempted use, or threatened use of physical force against another person. United States v. Gardner, 823 F.3d 793, 801 (4th Cir. 2016). Such a determination focuses on "the minimum conduct necessary for a violation" of the statute under state law. Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015).

Only when a statute is divisible, that is, it sets forth multiple distinct crimes, at least one of which, but not all, requires the necessary force to satisfy the force clause, should a court apply a "modified categorical approach." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach allows a court to look more closely at the defendant's particular criminal conduct in order to determine which of the alternate crimes set forth in the statute was the one for which the defendant was actually convicted. Id. In order to determine the particular crime at issue, a court may consult a limited array of documents, including charging documents, plea agreements, transcripts of plea colloquies, among others. Shepard v. United States, 544 U.S. 13, 25 (2005) (plurality opinion).

However, I need not determine whether § 18.2-53.1 is divisible or indivisible. See Smith v. Commonwealth, 61 Va. App. 690, 693 n.2, 739 S.E.2d 280, 281 n.2 (2013) (noting that the statute contemplates that the offence may be proved in two ways, either through the use or attempted use of a weapon, or through the display of such a weapon). It is unnecessary for me to make such a determination because both "using" and "displaying" a firearm involve the type of violent force necessary to qualify as an ACCA predicate under the force clause, so the distinction between divisible and indivisible, in this context, is unnecessary. See United States v. Cabrera-Umanzor, 728 F.3d 347, 352 (4th Cir. 2013) (noting that "a statute is divisible for purposes of

applying the modified categorical approach only if at least one [but not all] of the categories into which the statute may be divided constitutes, by its elements," a violent felony).

Turning to state court interpretations of Virginia Code § 18.2-53.1, as I must, it is clear that using, attempting to use, or displaying a firearm during the commission of a felony, such as robbery, involves the "use, attempted use, or threatened use of physical force against the person of another," as required under the ACCA. 18 U.S.C. 18 U.S.C. § 924(e)(2)(B)(i). The type of force employed must be violent physical force capable of causing pain or injury. Johnson I, 559 U.S. at 140 ("We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violet force—that is, force capable of causing pain or injury to another person."). The Supreme Court of Virginia has made clear that "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). "A person 'uses' a firearm if he or she employs it." Rowland v. Commonwealth, 281 Va. 396, 401, 707 S.E.2d 331, 334 (2011). "Once the object satisfies the definition of a firearm, any use of the firearm that is intended to cause physical injury is a violation Code § 18.2-53.1." Rose v. Commonwealth, 53 Va. App. 505, 512-13, 673 S.E.2d 489, 492 (2009). Moreover, "[a] person 'displays' a firearm if he or she manifests it to any of the victim's senses." Rowland, 281 Va. at 401, 707 S.E.2d at 334 (internal quotation marks omitted). The potential for violence or threat of physical force is inherent in the presentation of a firearm. See Cox v. Commonwealth, 218 Va. 689, 691-92, 240 S.E.2d 524, 526 (1978) (noting that a firearm "by its nature and design" is "capable of inflicting death or great bodily injury").

A review of Virginia case law establishes that even the minimum conduct necessary to allow for a conviction under Virginia Code § 18.2-53.1 requires the type of violent force, or threatened violent force necessary under the ACCA and Johnson I. The case of Rowland v. Commonwealth, 281 Va. at 396, 707 S.E.2d at 331, is instructive. In Rowland, the Virginia Supreme Court concluded that the defendant was not guilty of displaying a firearm while committing burglary because there was no evidence that Rowland used or displayed the firearm when gaining entry to a restaurant. Id. at 402, 334. Instead, employees of the restaurant first saw Rowland pointing a gun at them after he had entered the premises. Id. Because the burglary had been completed before anyone actually saw the gun, Rowland had not used or displayed it while committing the underlying felony. Rowland establishes that a defendant must actively employ or threaten the use of a firearm—with the concomitant infliction or threat of violent physical force—in order for a conviction under Virginia Code § 18.2-53.1 to stand.

In Virginia, display of a firearm constitutes a threat of violent physical force. State law establishes both that "possession of a firearm is an essential element of the statutory offense," of Virginia Code § 18.2-53.1, Yarborough, 247 Va. at 219, 441 S.E.2d at 344, and that the victim must be made aware that the defendant has a firearm, Cromite v. Commonwealth, 3 Va. App. 64, 67-68, 348 S.E.2d 38, 40 (1986). While the firearm need not be a functioning weapon, the display of something that appears to be a functioning firearm is sufficient to satisfy the statute as a "sensible" victim "acts on appearances" and understands that firearms have the potential to inflict serious bodily harm. Johnson v. Commonwealth, 209 Va. 291, 296, 163 S.E.2d 570, 574 (1968).

The Virginia Supreme Court has recognized that the purpose of § 18.2-53.1 is to deter violent crimes. Ansell v. Commonwealth, 219 Va. 759, 762, 250 S.E.2d 760, 762 (1979). "The

11

statute not only is aimed at preventing actual physical injury or death but also is designed to discourage conduct that produces fear of physical harm." Holloman v. Commowealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980); accord Taylor v. Commonwealth, Record No. 1390-16-2, 2018 WL 326544, *4 (Va. App. Jan 9, 2018) (noting that the purpose of the statute is to prevent both violent criminal conduct and the resulting fear of physical harm).

Plainly, a conviction under Virginia Code § 18.2-53.1 for use or display of a firearm in committing a felony qualifies as a violent felony under the force clause of the ACCA. As a result, Robinson retains the requisite three predicate convictions to support his ACCA-enhanced sentence.

2. Career Offender Status

Robinson also argues that his various predicate offenses no longer support his status as a career offender under the Sentencing Guidelines following Johnson II. This argument is foreclosed by the Supreme Court's decision in United State v. Beckles, in which the court concluded that a residual clause in the Guidelines similar to that in the ACCA was not subject to a similar constitutional challenge. 137 S. Ct. 886, 895 (2017). Accordingly, he cannot establish error with regard to his career offender status.

## IV.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 34, and **DISMISSES** Robinson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 21. Because Robinson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

**ENTER:** This 1st day of May, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE