CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

MAY 15 2023

LAURA A. AUSTIN, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA )
) Case Nos. 7:91-CR-00036
v. ) 7:91-CR-00153
)
THOMAS WILLIAM ROBINSON, )
) By: Michael F. Urbanski
Defendant ) Chief United States District Judge

## MEMORANDUM OPINION

This matter is before the court on defendant Thomas William Robinson's pro se motions for early termination of supervised release. ECF No. 55 in 7:91-CR-00036; ECF No. 30 in 7:91-CR-00153. The government is opposed to early termination for Robinson based on his long and violent criminal history. ECF No. 60 in 7:91-CR-00036; ECF No. 33 in 7:91-CR-00153. For the reasons stated below, the court **GRANTS** Robinson's motions.

On March 12, 1991, Robinson and two co-defendants were indicted on 15 counts related to a series of armed bank robberies that occurred from January 1990 through March 1, 1991. Pre-Sentence Investigation Report (PSR), ECF No. 36 in 7:91-CR-00036.[1] On September 9, 1991, Robinson pled guilty pursuant to a written plea agreement to 11 counts. PSR, ECF No. 36 ¶ 2 in 7:91-CR-00036. On March 29, 2012, Robinson was sentenced to a total of 40 years on the counts, to be followed by a 5-year term of supervised release. His sentence subsequently was reduced to a total of 33 years with the same 5-year term of supervised release. Am. J., ECF No. 3 in No. 7:91-CR-00036; ECF No. 3 in 7:91-CR-00153.

---

[1] In United States v. Robinson, No. 7:91-CR-00036 (filed March 12, 1991), Robinson was indicted on 11 counts for incidents that occurred in January and February 1991. In United States v. Robinson, No. 7:91-CR-153 (filed October 1, 1991), Robinson was indicted on two counts for incidents that occurred on March 1, 1991.

1

On July 19, 2019, Robinson was released from incarceration and began serving his term of supervised release. His term of supervision is scheduled to end on July 18, 2024.

The court sought input from the United States Probation Officer (USPO) who supervises Robinson. The officer confirmed that Robinson has done well on supervision except for one positive drug screen for marijuana, which Robinson admitted using. In addition, Robinson is on indefinite parole in the Commonwealth of Virginia, presumably related to state court convictions, so he will continue to have a level of supervision even when his federal period of supervision ends. Robinson has been employed working with youth in the community and with community leaders in violence prevention programs. Robinson reports that he also has worked as a restaurant dishwasher. Mot., ECF No. 30. The probation officer does not oppose early termination of Robinson's term of supervised release.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing

Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offenses, Robinson and his codefendants participated in a string of armed robberies of banks and restaurants in Virginia, North Carolina, and South Carolina from January 11, 1991, until their arrest on March 1, 1991.[2] PSR, ECF No. 36 ¶¶ 5–12 in 7:91-CR-00036. Robinson was described as the leader of the criminal organization and he planned the robberies because he

---

[2] Only the bank robberies were prosecuted in federal court. It is unclear from the record whether the restaurant robberies were prosecuted in state court.

3

had "the experience and technical know-how." Id. ¶ 13. Robinson was armed during the five bank robberies in which he participated. Id. ¶¶ 7, 9–12. The facts and circumstances of his convictions weigh heavily against early termination of supervised release.

Similarly, Robinson's history and characteristics prior to his arrest in 1991 weigh against early termination. Robinson has a long and violent criminal history starting in 1972 when he was 16 years old. He has multiple convictions for robbery and armed robbery, breaking and entering, disorderly conduct, resisting arrest, possession of marijuana with intent to distribute, escape, attempted escape, use of a firearm during a robbery, conspiracy to deliver a firearm and ammunition to a prisoner, and feloniously injuring an employee of a penal institution. Id. ¶¶ 57–69. Not only did he escape from the city jail, but he committed several armed robberies while he was at large. In addition, while incarcerated prior to 1991, he was cited for sixteen infractions of the Virginia Penal Code. Id. ¶ 70.

However, since his release to supervision, Robinson has done very well. He has had no infractions other than the one positive drug screen indicating he had used marijuana and he has committed himself to working with community groups dedicated to preventing violence. Taking Robinson's history and characteristics as a whole, it is clear that prior to 1991, he was an extremely violent and dangerous young man. However, while incarcerated, Robinson appeared to make a turnaround starting in 2005, see Motion, ECF No. 1 at 2, and has continued to live a generally law-abiding and productive life since his release to supervision. Importantly, while on supervision, Robinson has not been charged with any criminal activity and has remained non-violent. Robinson's behavior over the past 18 years indicates that a reduction in his term of supervision is appropriate.

Looking at the need for the term of supervision to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner, it is well-established that recidivism rates decrease with age. Robinson is now 67 years old, placing him in the lowest recidivism category,[3] and given his track record over the last four years, it is unlikely that having him remain on supervision will provide an additional benefit to either him or the public. Moreover, Robinson remains on state parole for life, providing him with additional supervision. Accordingly, this factor weighs in favor of early termination.

Regarding the established sentencing range for the category of Robinson's offenses, he faced a maximum term of five years of supervised release and has served almost four of the five years. PSR, ECF No. 36 ¶¶ 82–83 in 7:91-CR-00036. The fact that Robinson has served roughly three quarters of his supervision without incident weighs in favor of early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

The court has carefully considered the government's argument that Robinson's long and violent criminal history should preclude early termination of supervised release. However, Robinson served a lengthy prison term for the offenses committed prior to 1991 and served a 33-year term in federal custody for the 1991 offenses. These offenses occurred more than 30 years ago, and since his release from prison in 2019, he has performed well on supervision.

---

[3] See Recidivism Among Federal Offenders: A Comprehensive Overview, United States Sentencing Commission, https://www.ussc.gov/research/research-reports/recidivism-among-federal-offenders-comprehensive-overview (last viewed May 11, 2023).

5

The purpose of a term of supervised release is "'to improve the odds of a successful transition from the prison to liberty.'" United States v. Hamilton, 986 F.3d 413, 418 (4th Cir. 2021) (quoting Johnson v. United States, 529 U.S. 694, 708–09 (2000)). Robinson appears to be making a successful transition. Considering the § 3553(a) factors together, the court finds that they weigh in favor of early termination of supervised release. Accordingly, the court **GRANTS** Robinson's motions for early termination, ECF No. 55 in 7:91-CR-00036; ECF No. 30 in 7:91-CR-00153.

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and accompanying order to Robinson's address as indicated in ECF No. 55 in 7:91-CR-00036 and ECF No. 30 in 7:91-CR-00153.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: 05/15/2023

Michael F. Urbanski
Chief United States District Judge

6